UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-3147 PSG (SSx) | Date | May 7, 2014 |
|---|---|---|---|
| Title | Michael E. Kane v. Travelers Property Casualty Insurance Company, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order to Show Cause re: Remand to State Court**

This action was removed to this Court on April 24, 2014 pursuant to 28 U.S.C. § 1441. However, the jurisdictional allegations appear to be defective for the reason(s) opposite the box(es) checked:

[ ]   Removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, but it does not appear that any of the claims "arise under" federal law.

[ ]   Removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the artful pleading doctrine, but the claims do not appear to be completely preempted by federal law. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007).

[ ]   Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but all plaintiffs are not diverse from all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

[ ]   Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but defendant has not alleged that diversity jurisdiction existed both at the time the action began and at the time of removal, or that a voluntary act by the plaintiff made the case removable after it was filed. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002); *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657-58 (9th Cir. 1978).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-3147 PSG (SSx) | Date | May 7, 2014 |
|---|---|---|---|
| Title | Michael E. Kane v. Travelers Property Casualty Insurance Company, *et al.* | | |

[ ]   Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the complaint and notice of removal fail to allege the citizenship of some or all of the:

　　[ ] plaintiff(s).

　　[ ] defendant(s).

[ ]   Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the complaint and notice of removal set forth the residence, rather than the citizenship, of some or all of the parties.  Diversity is based on citizenship.

[ ]   Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  A partnership, limited liability company, or other unincorporated association is named as a party.  The Court must consider the citizenship of each of the partners, including limited partners, or members.  The citizenship of each of the entity's partners or members must therefore be alleged.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *United Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Grp.,* 823 F.2d 302, 304 (9th Cir. 1987).  The complaint and notice of removal do not set forth the citizenship of each of the entity's partners or members.

[ ]   Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  A corporation is named as a party.  The notice of removal is deficient because:

　　[ ]   the complaint and the notice of removal do not set forth the corporation's state(s) of incorporation *and* its principal place of business.  *See* 28 U.S.C. § 1332(c).

　　[ ]   the complaint and the notice of removal do not set forth adequate facts to support the assertion that the alleged principal place of business is the corporate party's principal place of business.  For diversity purposes, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3147 PSG (SSx) | Date | May 7, 2014 |
|---|---|---|---|
| Title | Michael E. Kane v. Travelers Property Casualty Insurance Company, *et al.* | | |

[ ]  Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). A national bank is named as a party. The notice of removal is deficient because:

  [ ]  the complaint and the notice of removal do not allege the state of the national bank's main office, as set forth in its articles of association, *and* its principal place of business. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *Olson v. Wells Fargo Bank, N.A.*, No. CV 13-2906-GHK (AGRx), 2013 WL 4407495, at *12 (C.D. Cal. Aug. 1, 2013).

  [ ]  the complaint and the notice of removal do not set forth adequate facts to support the assertion that the alleged principal place of business is the national bank's principal place of business.

[ ]  Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). A party is named in a representative capacity, but the citizenship of the represented person is not alleged or appears not to be diverse. *See* 28 U.S.C. § 1332(c)(2).

[ x ]  Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the matter in controversy does not appear to exceed $75,000, exclusive of interest and costs. Because the complaint does not clearly state the amount of damages plaintiff seeks, or because the amount sought appears to be $75,000 or less, defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). A "mere averment" that the amount in controversy exceeds $75,000 is insufficient, *id.* at 567, as is an allegation based on information and belief, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

The Court notes the following potential <u>procedural</u> defect(s) in the notice of removal:

[ ]  All served defendants have not joined in or consented to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

[ ]  The notice of removal was filed more than 30 days after the date of service of the initial pleading, or the date on which defendant first had notice of removability. *See* 28 U.S.C. § 1446(b)(2)(B), (b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-3147 PSG (SSx) | Date | May 7, 2014 |
|---|---|---|---|
| Title | Michael E. Kane v. Travelers Property Casualty Insurance Company, *et al.* | | |

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the case was not initially removable, and the notice of removal was filed more than one year after the commencement of the action.  However, defendant has not alleged that plaintiff acted in bad faith to prevent removal.  *See* 28 U.S.C. § 1446(c)(1).

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but at least one defendant is a California citizen.  *See* 28 U.S.C. § 1441(b)(2).

[ ]   The removing defendant did not attach to the notice of removal a copy of all process, pleadings, and orders served on the defendant in the state action.  *See* 28 U.S.C. § 1446(a).

Accordingly, the Court orders defendants(s) to show cause in writing no later than **May 28, 2014** why this action should not be remanded to state court.  If defendant(s) fail to respond to this Order by the above date, the Court will **remand** this action to state court.  This deadline does <u>not</u> extend the time for defendant(s) to respond to any motion to remand filed by plaintiff(s).

Plaintiff(s) may submit a response to this Order no later than the above date.  Plaintiff(s) <u>must</u> move to remand within 30 days of the filing of the notice of removal if the defects in the notice of removal are procedural and the plaintiff(s) object.  Otherwise, those defects are waived.  *See* 28 U.S.C. § 1447(c).

The Court orders the Court Clerk to promptly serve this Order on all parties.

Deputy Clerk  _____

**IT IS SO ORDERED.**